ALVAREZ, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, Assigning Certain Curable Defects.

No. 207.—Decided December, 7, 1914.

ADMINISTRATIVE APPEAL—BRIEF OF REGISTRAR.—The court insists that in appeals of this kind the registrars should brief in proper detail the reasons on which they base their decisions and cite authorities therefor so that the court may be in a position to decide the questions raised with confidence that it has heard the arguments for and against each contention and, consequently, with greater certainty of accuracy.

PARTNERSHIP—RECORD OF CONTRACT—ARTICLES OF PARTNERSHIP.—When the documents presented for record in the registry set out in an authentic, accurate and unequivocal manner the necessary data relative to the organization of the partnership, the powers of the partner or partners who executed the contract sought to be recorded, etc., it is not necessary that the articles of partnership of the firm should accompany the same.

The facts are stated in the opinion.

The appellant appeared by brief *pro se.*

Mr. José S. Belaval, the registrar, did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an administrative appeal from a decision of the Registrar of Property of San Juan, Section 1, holding the existence of a curable defect in a deed. It appears from the record that on April 25, 1914, the general mercantile partnership of H. Rosa & Company, represented by its managing partner, Hipólito Rosa García, and Isidoro Alvarez González appeared before Notary Rafael Arce Rollet in Caguas and executed a deed by which the said firm purchased from

the said Alvarez González two rural properties, one of which is situated in the municipal district of Río Piedras. The purchase price was $2,400, of which the vendor acknowledged the receipt of $400, the balance of $2,000 to be paid later. The purchaser expressly mortgaged the properties to secure the payment of the deferred part of the purchase price.

The deed of April 25, 1914, together with another deed executed in Caguas on May 5, 1914, before the same notary by José Rosa Sánchez and Hipólito Rosa García, modifying that clause of the partnership contract of the firm of H. Rosa & Company which refers to the object and purposes of the partnership as therein specified, was presented in the Registry of Property of San Juan, Section 1, for the purpose of recording the sale and mortgage of the property situated in Río Piedras. On October 27, 1914, the registrar recorded the deed "with the curable defect that the articles of partnership of the purchasing firm are not presented in order to show that Hipólito Rosa and José Rosa are the only partners composing the same and that Hipólito Rosa is the managing partner."

On November 10 the appellant, Isidoro Alvarez González, filed a notice of appeal, together with the deeds referred to, in the office of the secretary of this court. Notice was at once served on the registrar in order that he might present his brief within ten days. This period having elapsed and the registrar not having appeared, the appeal was submitted finally to our consideration for decision.

In the case of *Amy* v. *The Registrar,* 21 P. R. R., 114, we stated that it was desirable that in these appeals the registrars should always submit more or less fully the grounds for their decisions and cite the authorities on which they are based in order to enable us to decide the questions involved with confidence that both sides of each question have been heard and, consequently, with greater certainty of accuracy. We insist that the line of conduct indicated in the Amy case should be followed.

As stated, the curable defect pointed out by the registrar consists in the failure to present the articles of partnership of the firm of H. Rosa & Company in order to show (*a*) that Hipólito and José Rosa were the only partners composing the same and (*b*) that Hipólito was the managing partner.

We have considered carefully the documents submitted and, in our opinion, they prove sufficiently the facts referred to by the registrar.

In the deed of sale and mortgage of April 25 the officiating notary attests that "The organization of the said firm, its capacity to make this contract, and the right of representation claimed by the managing partner, are set out in the articles of partnership of a general partnership entered into by Hipólito Rosa García and José Rosa Sánchez, together with their respective wives, * * * the original of which is now before me * * *." And following this is a transcript of clauses 1, 2, 4 and 5 of the said articles of partnership. Clause 4 begins as follows: "Both contracting parties have the character of managing partners, but the management of the firm and the use of the firm signature are vested exclusively in partner Hipólito Rosa García * * *."

In the deed of May 5 it is shown that José Rosa Sánchez and Hipólito Rosa García appeared and stated that by a public deed of July 5, 1912, they had organized a general mercantile partnership under the firm name of H. Rosa & Company and that, being desirous of extending the scope of the firm's business, they modified the first clause in the manner stated.

Although we are of the opinion that the articles of partnership should be presented in cases of this kind in order to avoid complications and to give the registrar a better opportunity of inquiring into the capacity of the contracting parties, we think that when the documents presented for record show in an authentic and unequivocal manner all the necessary details in regard to the formation of the partnership, the powers of the partners, etc., the presentation of the firm's articles of partnership is superfluous.

In view of all the foregoing and pursuant to section 5 of the Act to provide for appeals from the decisions of registrars of property, approved March 1, 1902, the decision appealed from should be reversed and the registrar directed to proceed in accordance with the principles laid down in this opinion.

> *Reversed as regards assignment of curable defects.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.